UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Michael HILL,<br><br>    Petitioner,<br><br>    v.<br><br>Robert L. AYERS Jr., Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 4-94-cv-641-CW<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR STAY OF PROCEEDINGS PENDING DETERMINATION OF PETITIONER'S MEDICAL AND PSYCHIATRIC CONDITION<br><br>[Docket No. 262] |

Petitioner Michael Hill, a condemned inmate at San Quentin State Prison, moves for a stay of these federal habeas proceedings pending a determination of his competence to proceed.

A prisoner "has a statutory right to competence in his federal habeas proceedings. . . ." Rohan v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003). The "relevant question" to determine competence in the federal habeas context is "whether [the petitioner] now has the capacity to understand his position and to communicate rationally with counsel." Id. at 819. "[W]here

1 an incompetent capital habeas petitioner raises claims that could
2 benefit from his ability to communicate rationally, refusing to
3 stay proceedings pending restoration of competence denies him his
4 statutory right to assistance of counsel, whether or not counsel
5 can identify with precision the information sought." Id.
6 Accordingly, in such a situation, federal habeas proceedings
7 "must be stayed until [the petitioner] is competent." Id.

8     In the present action, as in Rohan, Petitioner has raised
9 "claims that could benefit from his ability to communicate
10 rationally," id., such as claims of innocence and ineffective
11 assistance of counsel in presenting mitigating evidence at the
12 penalty phase of his trial. See id. at 818. In addition,
13 Petitioner's counsel has submitted substantial evidence from
14 multiple sources that indicates that Petitioner may lack "the
15 capacity to understand his position and to communicate rationally
16 with counsel." Id. at 819. The statements of Respondent's own
17 staff psychiatrists are particularly significant in this regard.
18 Dr. John Dupre reports that Petitioner is suffering from a
19 predominant delusional system, which prevents him from
20 understanding his position. Dr. Eggert effectively suggests that
21 Petitioner's delusions inhibit his ability to communicate
22 rationally. Both psychiatrists confirm that, due to Petitioner's
23 deteriorating mental health, Petitioner is receiving care in the
24 hospital unit at San Quentin pending his urgent transfer to the
25 Department of Mental Health Acute Care Unit at the California
26 Medical Facility at Vacaville, because San Quentin is unable to
27 treat him adequately.

28     Respondent contends that these proceedings should not be

stayed even if Petitioner is incompetent because of the limitations on habeas relief established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). However, there is no support for the argument that AEDPA's limitations on the Court's power to grant relief somehow diminish a capital habeas petitioner's right to counsel while pursuing habeas relief. Indeed, <u>Rohan</u> makes clear that AEDPA's restrictions on successive petitions actually support the need to grant a stay of proceedings when a capital habeas petitioner is incompetent. 334 F.3d at 812.

Respondent also asserts that the present action is distinguishable from <u>Rohan</u> because Petitioner has already filed an exhausted petition, and his counsel does not require his assistance to prepare his traverse. However, this argument is untenable under <u>Rohan</u>: the entire discussion in <u>Rohan</u> of the right to competence is premised on the notion that "Blackstone's exhaustive recitation of the stages at which the right attached—arraignment, trial, judgment and execution—might reasonably be read to suggest a continuing right, one that attaches to all significant phases of the criminal justice process, whatever they may happen to be." <u>Id.</u> at 814. Petitioner's right to competence persists throughout his federal habeas proceedings; if Petitioner is incompetent, the Court "must" stay these proceedings until he regains his competence. <u>Id.</u> at 819.

Of course, the evidence that suggests that Petitioner may be incompetent is insufficient to establish that Petitioner is in fact incompetent. Accordingly, Respondent is correct that it

would be premature for the Court to stay the proceedings at this time.  Rather, the parties shall meet and confer to attempt to stipulate to a case management schedule that will allow for Petitioner to be examined by mental-health experts to determine his competence.  In the meantime, it would be inefficient—and potentially inappropriate—for Petitioner to file his traverse.

    Accordingly, and good cause therefor appearing, Petitioner's Motion for Stay of Proceedings Pending Determination of Petitioner's Medical and Psychiatric Condition is granted in part and denied in part:  The parties shall meet and confer and within thirty days after this Order is filed shall file a joint case management statement that includes a proposed schedule; if the parties are unable to stipulate to a jointly proposed schedule, each party shall explain in no more than five pages why the Court should adopt his proposed schedule.  Petitioner shall not file his traverse pending further order of the Court.  The hearing on Petitioner's Motion that is set for March 13, 2008, is hereby vacated.

    It is so ordered.

DATED:  March 10, 2008

_____
CLAUDIA WILKEN
United States District Judge