UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL HILL,<br><br>    Petitioner,<br><br>        v.<br><br>VINCENT CULLEN,[1] Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 4-94-cv-641-CW<br><br><u>DEATH-PENALTY CASE</u><br><br>ORDER SETTING PROCEDURES FOR COMPETENCY EXAMINATION |

   Pursuant to an order of the Court, (Doc. No. 289), counsel for the parties met and conferred to try to agree to a structure for a competency examination of Petitioner. Counsel made substantial progress but ultimately were unable to reach an agreement. Accordingly, pursuant to that same order, Petitioner filed the present motion for an order setting procedures for an examination. (Doc. No. 290).

   Petitioner's proposal is "informed by those procedures used

---

[1] Vincent Cullen is automatically substituted for Robert K. Wong pursuant to Federal Rule of Civil Procedure 25(d).

1  by Federal courts in formulating orders for the examination of an
2  accused in a Federal capital case" pursuant to Federal Rule of
3  Criminal Procedure 12.2.  (Doc. No. 291 at 3.)  He asserts that
4  this is necessary to protect his rights under the Fifth and Sixth
5  Amendments to the United States Constitution.
6       Respondent contends that Petitioner's Fifth and Sixth
7  Amendment rights are not presently implicated.  (Doc. 293 at 2.)
8  However, the cases Respondent cites in fact support a conclusion
9  that the Court should adopt procedures along the lines of
10 Petitioner's proposal even if such procedures are not required by
11 the Constitution.
12      For example, in United States v. Stockwell, the prosecutor
13 "listened to a complete tape recording" of the defendant's
14 psychiatric examination.  743 F.3d 123, 125 (2d Cir. 1984).
15 Although the Second Circuit held that "such a procedure cannot be
16 said to constitute a per se violation of . . . the defendant's
17 Fifth Amendment rights," the court nonetheless determined that
18 such a practice should be avoided.  Id. at 127.  Similarly, the
19 Fifth Circuit recognized that sealing the results of a
20 psychiatric examination until the penalty phase of a capital
21 trial where the defense intends to offer mental-health evidence
22 only in mitigation "likely advances interests of judicial
23 economy" even though "such a rule is not constitutionally
24 mandated."  United States v. Hall, 152 F.3d 381, 399 (5th Cir.
25 1998), abrogated on other grounds by United States v. Martinez-
26 Salazar, 528 U.S. 304 (2000); see also United States v. Allen,
27 247 F.3d 741, 774 (8th Cir. 2001), vacated on other grounds by
28 536 U.S. 953 (2002) ("Additional prophylactic safeguards . . .

may avoid later litigation but are not constitutionally required.").

Accordingly, and good cause appearing therefor, any examination of Petitioner by the State's examiner, Dr. Paul Good, shall be conducted pursuant to the following procedures. The same procedures shall be put in place should Petitioner's counsel seek any further examination of Petitioner by their designated examiner, Dr. Karen Franklin.

Petitioner shall be examined by the State's designated examiner, Dr. Paul Good, and may be reëxamined by his own designated examiner, Dr. Karen Franklin, within sixty days of the entry of the present order. The examination and assessment shall be for the sole purpose of assessing Petitioner's present competency in the context of the present habeas corpus proceeding, including the assessment of his ability to communicate with, and assist, counsel.

Within fourteen days after the entry of the present order, each party shall provide Drs. Good and Franklin with any evidence he wishes to be included in the evaluation.

The interview and testing sessions shall take place in the psychological conference room at San Quentin State Prison. Petitioner's two attorneys shall not be permitted in the examination room during the examination(s), but shall be permitted to be close enough to the examination room in which Petitioner is being examined so that either or both of them can consult with Petitioner as needed pursuant to his requests. The named examiners shall permit Petitioner a reasonable opportunity for confidential consultations with counsel.

1  The competency examinations shall be videotaped and audio
2  recorded so that the parties and the Court may review the
3  examination if necessary.  Counsel for Petitioner shall have the
4  opportunity to review the videotape of the entire examination of
5  Petitioner by the State's examiner, and to raise objections to
6  the scope and method of the examination, prior to the release of
7  any video, tape, transcript, reports, or notes of the examination
8  to counsel for Respondent, or their representatives.  Counsel for
9  Petitioner shall have twenty-one days from the date of their
10 receipt of any video or tape recording of the examination to
11 review it and to file their objections.  If any objections are
12 filed, the Court will then determine the procedure to be used to
13 resolve the objections.
14    No later than fourteen days before the examination by the
15 State's examiner, counsel for Petitioner shall be informed in
16 writing of any tests or assessment instruments that the State's
17 examiner proposes to use in the examination. Petitioner's counsel
18 shall have ten days from the date of their receipt of such notice
19 to tender any written objections to any test or assessment
20 instrument, or to the scope of the proposed examination, to
21 counsel for Respondent.  Counsel for Respondent shall then
22 decide, in consultation with the State's examiner, whether to
23 proceed with the proposed test, or assessment device, or not.  If
24 counsel for Petitioner have tendered a written objection to a
25 test or assessment instrument that is given to Petitioner, they
26 shall be permitted to file an objection in this Court to the
27 release of the results of such test or assessment instrument
28 prior to its dissemination to counsel for Respondent.  Petitioner

may also object, in this Court, prior to any hearing on the issue of competency, to the use of any test or assessment instrument as a basis for the State examiner's opinion on Petitioner's competency.

Counsel for Respondent shall also, no later than fourteen days before the proposed examination date, provide Petitioner and his counsel with notice of the scope of the examination, by tendering a written description of the general subjects (e.g., Petitioner's history, his understanding of the present procedural posture of the case, his ability to communicate with counsel, etc.) to be addressed during the examination.  As with the tests and assessment devices, counsel for Petitioner shall be permitted to tender objections to Respondent's counsel no later than four days before the examination to subject matters that Petitioner's counsel contend are outside the scope of a competency examination.  Counsel for Respondent and the State's examiner shall then decide whether to proceed with the inquiry to which Petitioner's counsel objects.  If a decision is made in favor of proceeding in view of the objection, counsel for Petitioner shall be permitted to refer to the objection as a basis for asking this Court to redact that portion of the examination from the record of the examination, or for objecting in this Court to the use of that portion of the examination as a basis for any opinion of the State's examiner on the issue of Petitioner's competency. Whether he tenders objections to Respondent's counsel or not, he shall be permitted to object in this Court to the scope of the examination conducted, prior to any decision by this Court on the question of his present competence.

1  Petitioner's counsel shall be provided with a videotape
2 and/or a transcript of the examination within seven days of the
3 completion of the examination.  Counsel shall then have twenty-
4 one days to review the recording and/or transcript, and to inform
5 counsel for Respondent, in writing, whether there are objections
6 to some or all of the content of the examination.  At the same
7 time, counsel for Petitioner shall file objections with the Court
8 sufficient to allow the Court to determine whether a hearing on
9 those objections will be warranted prior to any hearing on the
10 merits of the issue of Petitioner's competency.
11  After the Court resolves any objections filed by Petitioner,
12 Dr. Good shall, and Dr. Franklin may, submit a report informing
13 the Court and the parties of his or her opinions and the
14 supporting data.  Any report submitted to the Court shall list
15 any materials considered in conducting the examination, state the
16 clinical basis for any diagnosis, and answer (1) whether
17 Petitioner has the capacity to appreciate his position and make
18 rational choices with respect to proceedings in this Court;
19 (2) whether Petitioner is suffering from a mental disease,
20 disorder, or defect that may substantially affect his capacity;
21 and (3) whether Petitioner has the capacity to communicate
22 rationally with counsel regarding this matter.
23  Within thirty days after the completion of the submission of
24 the reports by Drs. Good and Franklin, counsel for the parties
25 shall meet and confer to make a good-faith attempt to reach an
26 agreement about Petitioner's competency and an appropriate course
27 of action.  Within thirty days after counsel meet and confer,
28 they shall file a joint statement outlining the parties' view or

views regarding Petitioner's competency and an appropriate course of action.

IT IS SO ORDERED.

DATED: 5/10/10_____    _____
                                    CLAUDIA WILKEN
                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HILL,

        Plaintiff,

  v.

VINCENT CULLEN,[1] Acting Warden of San Quentin State Prison,

        Defendant.

Case Number: CV94-00641 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Timothy Philipsborn
Attorney at Law
507 Polk Street, Suite 350
San Francisco, CA 94102

Juliet B. Haley
California Attorney Generals Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Lynne S. Coffin
Law Offices of Lynne S. Coffin
38 Miller Ave., #328
Mill Valley, CA 94941

Michael David Laurence
Habeas Corpus Resource Center
303 Second Street
Suite 400 South
San Francisco, CA 94107

1  Michael G. Millman
   California Appellate Project
2  101 Second St., Suite 600
   San Francisco, CA 94105
3

4  Dated: May 10, 2010

                                    Richard W. Wieking, Clerk
5                                   By: Nikki Riley, Deputy Clerk