UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| Michael HILL, | Case Number 4-94-cv-641-CW |
|---|---|
| Petitioner, | DEATH-PENALTY CASE |
| v. | ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY |
| Kevin CHAPPELL, Acting Warden of San Quentin State Prison,[1] | |
| Respondent. | [Doc. No. 327] |

Petitioner moves to inspect the files of the Alameda County District Attorney and the Oakland Police Department that are relevant to his case and that have not been produced already. (Doc. No. 327.)  Petitioner relies on Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  (Id. at 2.)  Respondent opposes the motion.  (Doc. No. 329.)

The Court previously found good cause for, and ordered, the discovery that Petitioner currently seeks.  (Doc. No. 97.) However, the Court of Appeals held that discovery in this action

---

[1] Kevin Chappell is automatically substituted for his predecessor as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

was premature at that time because Petitioner had not yet filed a federal habeas petition.  Accordingly, the Court of Appeals "issue[d] a writ of mandamus (1) vacating the district court's order, and (2) prohibiting the issuance of any discovery orders until Hill files a petition for writ of habeas corpus in federal court presenting only exhausted claims."  <u>Calderon v. U.S. Dist. Ct. N.D. Cal. (Hill)</u>, 120 F.3d 927, 928 (9th Cir. 1997).

Petitioner subsequently initiated exhaustion proceedings in the Supreme Court of California.  During those proceedings, he twice sought the discovery at issue.  Both times, the state supreme court denied Petitioner's discovery motions for lack of jurisdiction.  (Doc. No. 329-1 at 3 (citing <u>People v. Gonzalez</u>, 800 P.2d 1159, 1204–05 (Cal. 1990)).)

Following the completion of exhaustion proceedings, this Court ordered Petitioner to litigate discovery in Alameda Superior Court pursuant to <u>In re Steele</u>, 85 P.3d 444 (Cal. 2004).  (Doc. No. 254 at 1.)  The superior court denied Petitioner's <u>Steele</u> request based not on the record in the case but because state courts are short-staffed in contrast to federal courts.  (Doc. No. 327-3 at 5–7.)

There is no basis for the Court to reconsider its previous finding of good cause for the discovery Petitioner seeks, as the factual basis for that finding has not materially changed,[2] and there has been no material change in the relevant law, <u>see</u> <u>Gonzalez v. Wong</u>, 667 F.3d 965 (9th Cir. 2011).  <u>Cf.</u> Civ. L.R. 7-

---

[2] Petitioner has developed additional relevant evidence.  (<u>e.g.</u>, Doc. No. 327-4 at 2 (prosecutor's letter promising not to prosecute Michael McCray, who Petitioner claimed had committed the murders of which Petitioner was convicted).)

1  9(b).  In addition, Petitioner has satisfied the condition that
2  the Court of Appeals established for the discovery, as he has
3  filed a federal habeas petition, (Doc. No. 193), that presents
4  only exhausted claims, (see Doc. No. 259 at 21).  Accordingly,
5  Petitioner's discovery motion, (Doc. No. 327), is granted.
6       IT IS SO ORDERED.

8  DATED:   5/29/2012                    _____
                                          CLAUDIA WILKEN
9                                         United States District Judge